*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-044

JULY TERM, 2014

| | | |
|---|---|---|
| Ronald Geraw | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Grand Isle Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Pamela Geraw | } | DOCKET NO. 20-7-12 Gidm |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Husband appeals from a final divorce judgment, asserting that the trial court improperly failed to give appropriate weight to certain evidence and statutory factors in dividing the marital property. We affirm.

The material facts and procedural history may be summarized as follows. The parties were married in August 1994, after living together for a number of years prior to the marriage. In June 2012, husband filed a complaint for divorce, and in November 2013—following a three-day trial—the court issued a final judgment. In response to motions to reconsider from both parties, the court issued an amended final judgment in December 2013.

The court found that husband had been employed as a long-haul truck driver prior to and during the marriage, but that an accident in 2009 or 2010 had resulted in substantial injuries and left him unable to work. He was fifty-five years old at the time of trial. Husband's sole source of income at the time of the hearing was temporary workers' compensation benefits which he expected to terminate at the end of 2014. Husband expected to apply at that time for SSDI benefits, which he projected would total about $1900 per month. He also had a vested retirement pension with a projected monthly payout of $3818 starting at age sixty-four, and social security benefits of $1509 starting at age sixty-six. Wife was fifty-one years old at the time of trial, had an eighth-grade education, and had been employed only sporadically during the marriage as a part-time home-cleaner and home health care attendant. Wife also suffered from significant health problems, and her sole current source of income was $630 per month in disability benefits. Wife could expect to receive Social Security benefits of $228 at age sixty-two, and $330 per month at sixty-seven.

At the time of trial, husband continued to live in the marital home in Grand Isle, which was the principal marital asset. (Wife was renting a small apartment at a subsidized rate). The court found that husband had purchased the lot in 2003 for $75,000 with proceeds from an earlier workers' compensation lump-sum payment and cash, and in 2005 had purchased a mobile home for $48,000 using the proceeds from the sale of an older mobile home that he owned in Milton plus a loan. There was also a second mortgage, for a current loan balance of about $135,000.

The court further found that wife had not provided any money for the purchase of the Grand Isle property or payments on the mortgage loans. Husband had initially valued the property at $326,000 in a June 2012 financial statement based on that year's tax assessment, but later claimed that it was worth only $255,000 based on a bank appraisal. The trial court determined the value to be about the median of these two figures, or $285,550, with a total equity in the home of $150,550.[1]

Although wife had requested spousal maintenance, the court found that both parties' reasonably necessary expenses exceeded their incomes, and concluded that the only reasonable and equitable approach was "to focus instead on property division" in lieu of maintenance to generate income. The court acknowledged that wife had not contributed directly to the acquisition of the family home, and concluded that husband's purchase of the property had earned him the opportunity to retain it. Nevertheless, citing the length of marriage, wife's far lower income, and her substantially less promising long-term prospects for generating property and income, the court determined to award wife fifty percent of the equity, or $75,275, payable within nine months if husband was able to refinance. Alternatively, the court provided that wife could accept a third mortgage on the property, with a note and standard mortgage deed from husband, with monthly payments over fifteen years with a specified interest rate, or if that was not acceptable the property would be listed for sale.

The court further ordered that wife would be responsible for the credit card debt associated with two cards solely in her name, and husband would be solely responsible for the rest of the parties' substantial credit card debt, estimated to be between $30,000 and $40,000. Finally, the court awarded wife sixty-five percent of the portion of husband's monthly retirement pension benefit (based on a retirement age of sixty-four) earned during the marriage ($2,799.87) for an award of $1,819.92, leaving husband $1998.08 per month from the pension.

On appeal, husband contends the court's property division did not "adequately take into consideration" certain evidence and statutory factors. Our review is deferential. Vermont's property division statute grants the trial court authority to "equitably divide and assign" the marital property and sets out a number of factors that the court may consider. 15 V.S.A. § 751. As we have observed, "property division is not an exact science, and the trial court has broad discretion in considering the statutory factors and fashioning an appropriate order." Cabot v. Cabot, 166 Vt. 485, 500 (1997). "The court need not specify the weight given to each factor, but is required only to provide a clear statement as to what was decided and why." Jakab v. Jakab, 163 Vt. 575, 585 (1995).

Recalling the trial court's finding that husband had financed the purchase and paid for the carrying costs of the marital home without contribution from wife, husband's principal claim is that the court failed to properly weigh the statutory factors concerning "the party through whom the property was acquired" and each party's "contribution," 15 V.S.A. § 751(a)(10), (11), in awarding fifty percent of the equity in the home to wife. The record shows, however, that the court expressly acknowledged these factors but concluded that "the combination of the other factors, especially [wife]'s need for additional income and cash resources in lieu of maintenance, is stronger still and outweighs those two specific considerations." (Emphasis added). This was a

---

[1]  The initial judgment mistakenly found the loan balance to be $185,000 and the resulting equity to total $100,550 but the court corrected the amounts in the amended judgment.

judgment supported by the record and well within the trial court's broad discretion to weigh and balance the statutory factors. Accordingly, it may not be disturbed on appeal. Cabot, 166 Vt. at 500.

Husband's related assertion that wife's straitened financial circumstances were her own fault and not the product of any sacrifice or contributions to the marriage is not supported by the findings, which outline the parties' "co-dependence" in which husband supplied the bulk of the household income "in return [for] home health care from [wife]" during his several periods of incapacity from work-related injuries, while she also cared for the minor children that she had before the marriage, and whom husband adopted.

Along similar lines, husband contends the trial court erred in awarding him the credit card debt, noting that both parties had benefitted from trips and other purchases from use of the cards. The court found, however, that the bulk of the purchases were made by husband, that he had prevented wife from using the cards very much, that wife had not, in fact, " 'enjoyed' the benefit" of many of the purchases, and therefore that "[t]asking [husband] with repayment of the credit card debt is . . . fair, given the compelling evidence [that] he was overwhelmingly responsible for taking on that debt." Together with the evidence of the parties' disparity in income and resources, these findings amply support the trial court's discretionary decision to award the credit card debt, other than that incurred solely by wife, to husband.

Husband also asserts that the trial court failed to give appropriate weight to wife's acknowledged extramarital affair six to seven years earlier, under the statutory factor concerning the "respective merits of the parties." 15 V.S.A. § 751(a)(12). Pertinent to this factor, however, the court also found that husband had been controlling, and that both parties had engaged in emotional and verbal mistreatment of the other, thus supporting its discretionary judgment that this statutory factor did not point "materially in either direction."

Husband further asserts without elaboration that the trial court erred in awarding wife sixty-five percent of the marital portion of his retirement pension. As previously discussed, however, the evidence and findings amply support the court's discretionary judgment that the length of the marriage, the disparity in current and expected income between the parties, and wife's health and age demonstrated a compelling need for an award of additional income to wife as well as equity from the marital home. Accordingly, we find no basis to disturb the pension award.

Next husband contends the court "failed to adequately consider the expert testimony" of husband's bank appraiser who assessed the value of the marital home at approximately $250,000. As noted, however, it is the exclusive task of the trial court to weigh the evidence, Kanaan v. Kanaan, 163 Vt. 402, 405 (1995), and the record here shows that the court carefully did so, concluding that the appraiser's estimate was based on a less-than-reliable comparable sale of a mobile home in a different county, and that the bank appraiser's estimate was likely to be "very conservative." The court's valuation of the marital residence was significantly lower than the valuation listed on husband's first affidavit of income and assets, based on the town's valuation. We cannot conclude that the court's decision to assign a value between that of the town for tax purposes and that of the bank for lending purposes was an abuse of discretion.

Finally, husband summarily asserts that the court erroneously "ignored" an award of over $10,000 in marital assets to wife pursuant to a temporary order. Husband is apparently referring

to an order of September 14, 2012, in which the court authorized wife to cash in a whole life insurance policy and certain stock that she had earned through an employee stock plan to provide for her day-to-day expenses. Contrary to husband's claim, the court did not ignore the earlier award, but rather expressly noted in the final judgment order that it was unclear if any "of this supplemental cash is still available." We find no prejudicial error or omission, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

4